## JAY O. BUTTON, APPELLANT, *v.* SCHUYLER'S STEAM TOW-BOAT LINE, RESPONDENT.

*Amendment to pleadings—a complaint cannot be amended so as to substantially alter the claim — nor where there is a total failure to prove the case changed — Code of Civil Procedure, secs.* 541, 723.

The complaint alleged that the defendant was a common carrier; that for hire it undertook to tow the plaintiff's canal boat from Albany to New York, and that in assuming to perform the agreement it negligently injured the boat to the amount of $150. Upon the trial the referee found that the defendant was not a common carrier, and that the canal boat had been injured by the perils of navigation but not by the negligence of the defendant. He also found that by the agreement the towing was to be done at the plaintiff's risk, but that the defendant agreed that the plaintiff's boat should occupy a certain position in the fleet of boats towed; that it was placed by the defendant in a different position, and that if it had been placed in the agreed position it would have escaped injury.

The referee held that no recovery could be had upon the complaint in this action, and that he had no power to allow it to be amended so as to conform to the proofs.

*Held,* that his rulings should be affirmed.

APPEAL from a judgment dismissing the complaint, with costs, entered in Albany county upon the report of a referee.

*J. H. Southworth,* for the appellant.

*W. Frothingham,* for the respondent.

LANDON, J.:

The complaint charged that the defendant was a common carrier, and for hire undertook to tow the plaintiff's canal boat from Albany

to New York.   The complaint charges no breach of this contract, but does charge that the defendant, in the assumed performance of it, negligently injured the canal boat to plaintiff's damage $150.

The answer denied that defendant was a common carrier; denied negligence, and alleged that the canal boat was taken in tow by defendant under a contract, which provided that the towing should be done at the risk of the plaintiff.   The referee correctly found that the defendant was not a common carrier.   ( *Wells* v. *Steam Navigation Co.*, 2 N. Y., 204)   He found that the plaintiff's canal boat had been injured by the perils of navigation to the amount of $150, but not by the negligence of the defendant, and he directed judgment for the defendant.   The referee also found that there was a contract between the plaintiff and defendant whereby, in addition to the agreement that the towing should be done at the plaintiff's risk, it was further agreed that the plaintiff's canal boat should occupy a certain position in the fleet of boats towed; that the defendant caused it to be placed in a different position, and that if the boat had occupied the agreed position it would have escaped injury; but the referee held that upon the complaint the plaintiff could not recover in this action.   The plaintiff, after the testimony was closed, moved to be permitted to amend his complaint so as to conform to the proofs upon which these findings were subsequently made, but the referee denied the motion for want of power.

The plaintiff now urges that he was entitled to amend, and also to judgment upon the facts found.   The referee had the power to grant the amendment if it was a proper case.   (Code, § 1018.)   An amendment may be permitted " where it does not change, substantially, the claim or defense" (Code, § 723), and is encouraged where the difference between the allegations of the pleadings and the proofs is an immaterial variance.   (Secs. 539, 540.)   But section 341 provides that " where the allegation to which the proof is directed is unproved, not in some particular or particulars only, but in its entire scope and meaning, it is not a case of variance, * * * but a failure of proof."

Here the plaintiff's allegation as to which his proof should have been directed, was the negligence charged upon the defendant.   The referee found the defendant was not guilty of negligence.   The allegation was unproved, and the case fell exactly under the

condemnation of the section quoted. To have amended the complaint by adding the contract would not have touched the allegation of negligence, or aided the plaintiff in establishing it. There was a failure of proof which his contract could not reach. Having failed in the case charged, it was the duty of the referee so to declare and not permit the plaintiff to "change substantially the claim," and allow him to recover upon a cause of action for which he had entered no suit. (*Barnes* v. *Quigley*, 59 N. Y., 265; *Ross* v. *Mather*, 51 id., 108; *Degraw* v. *Elmore*, 50 id., 1.)

There are many cases cited by the plaintiff, but we do not think any of them hold a different doctrine. It may be difficult sometimes clearly to perceive that the amendment proposed does change substantially the claim; and that the difference between the allegations of the complaint and the proofs results in a failure of proof, and hence the application of the rules may seem to be different in different cases. But the rules remain unchanged, and in this case were properly applied.

Judgment affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.